

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-13-00414-CR

The **STATE** of Texas,
Appellant

v.

Matthew David **AVANS**,
Appellee

From the County Court at Law, Kerr County, Texas
Trial Court No. CR121253
Honorable Spencer W. Brown, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  August 13, 2014

AFFIRMED

The State appeals from the trial court's order granting appellee Matthew David Avans'

motion to suppress evidence.  The State argues that the trial court erred in granting Avans' motion

to suppress because the initial stop was justified by reasonable suspicion and the subsequent

automobile search was a justifiable *Terry*[1] search.  We affirm the trial court's order.

---

[1] *Terry v. Ohio*, 392 U.S. 1, 30 (1968).

## BACKGROUND

At the suppression hearing, Kerrville Police Department Officer Ray Bradley testified that on September 6, 2012 at 11:00 a.m., he, along with his training officer, initiated a traffic stop when he observed Avans driving without a seatbelt. Upon approaching the vehicle, Officer Bradley saw a double-edged sword on Avans' rear floorboard. Believing the sword to be a prohibited weapon, Officer Bradley ordered Avans to get out of the vehicle, handcuffed him, and patted him down for weapons. No weapons were found on Avans. Officer Bradley then searched the interior of the vehicle without a warrant or Avans' consent. Officer Bradley found what he described as brass knuckles in the sunglasses compartment. Officer Bradley admitted that he could not see the brass knuckles from the outside of the vehicle and that they were found only after he searched the interior of the vehicle. After the search was completed, the officers determined that the sword was not in fact a prohibited weapon. The sword was returned to Avans and placed in his trunk. Officer Bradley seized the brass knuckles, cited Avans for the seatbelt violation, and released him.

Avans was subsequently charged with the offense of possession of a prohibited weapon, i.e., the brass knuckles. Avans filed a pretrial motion to suppress the evidence seized as a result of the allegedly illegal search. The trial court conducted a pre-trial hearing, and granted Avans' motion to suppress. The trial court made the following pertinent findings of fact and conclusions of law:

> Finding of Fact No. 3.        Officer Bradley mistakenly thought the sword was a prohibited weapon. Based solely on the presence of the sword, he ordered Defendant to get out of the car, handcuffed him, and patted him down for weapons. He found none on Defendant's person.
>
> * * *
>
> Conclusion of Law No. 4.      The search of Defendant's car was not justified by probable cause and was unreasonable, in violation of the Fourth Amendment to the U.S. Constitution and Art. I, Sec. 9 of the Texas Constitution. The search was not incident to a lawful arrest.

## STANDARD OF REVIEW

A trial court's ruling on a motion to suppress is subject to review on appeal for abuse of discretion. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009); *State v. Whittington*, 401 S.W.3d 263, 270 (Tex. App.—San Antonio 2013, no pet.). The trial court's ruling will be upheld if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Amador*, 275 S.W.3d at 878-79. This same highly deferential standard applies regardless of whether the trial court has granted or denied a motion to suppress evidence. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). Thus, the party that prevailed in the trial court is afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence. *Id.* When a trial court makes explicit fact findings, the appellate court determines whether the evidence (viewed in the light most favorable to the trial court's ruling) supports these fact findings. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). The appellate court then reviews the trial court's legal ruling de novo. *Id.*

## APPLICABLE LAW

A police officer who has lawfully detained a person for investigation of suspected criminal activity may conduct a limited search for weapons only if the circumstances give the officer reason to believe that the person detained is armed and dangerous. *See Terry v. Ohio*, 392 U.S. 1, 30 (1968); *Horton v. State*, 16 S.W.3d 848, 852 (Tex. App.—Austin 2000, no pet.). Under some circumstances, this right to conduct a protective frisk may also extend to the passenger compartment of the detainee's automobile.

> [T]he search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officer in believing that the suspect is dangerous and the suspect may gain immediate control of weapons.

*Michigan v. Long*, 463 U.S. 1032, 1049 (1983) (quoting *Terry*, 392 U.S. at 21). A police officer may not search an automobile for weapons whenever the officer effects an investigative stop, but may do so only if the officer possesses the level of suspicion identified in *Terry*. *See Long*, 463 U.S. at 1050 n.14.

A police officer's authority to search for weapons in the absence of probable cause is narrowly drawn, even when the officer reasonably suspects criminal activity. *See Terry*, 392 U.S. at 27. In determining whether an officer acted reasonably in a particular case, due weight must be given, not to the officer's inchoate and unparticularized suspicion or hunch, but to the specific reasonable inferences which the officer is entitled to draw from the facts in light of experience. *See id*. The State bears the burden to show that a warrantless search was reasonable. *See State v. Woodard*, 341 S.W.3d 404, 412 (Tex. Crim. App. 2011)

## ANALYSIS

The State contends that the trial court erred in granting the motion to suppress because Officer Bradley was justified in conducting a limited search for weapons pursuant to *Terry*. Although the scope of a *Terry* search has been extended to the passenger compartment of an automobile, an officer may not conduct a protective search of a detainee's automobile unless the officer possesses a reasonable belief, based on specific and articulable facts, that the detainee may pose a danger to the officer or to others. *See Long*, 463 U.S. at 1050-51; *Goodwin v. State*, 799 S.W.2d 719, 728 (Tex. Crim. App. 1990).

Avans responds that there were insufficient articulable facts to justify the search of the interior of his vehicle.[2] We agree. While Officer Bradley initially possessed reasonable suspicion to detain Avans and conduct a *Terry* frisk after observing what he mistakenly thought was a

---

[2] Avans does not challenge the validity of the initial stop.

prohibited weapon, once Avans was removed from the vehicle and handcuffed, the sword was out of his reach, and the officer was required to have a reasonable belief that Avans was dangerous and could gain immediate control of another weapon before searching the interior of the vehicle. *See Long*, 463 U.S. at 1049; *Terry*, 392 U.S. at 21. Here, Officer Bradley failed to articulate any facts indicating that he or his supervisor believed they were in harm's way once Avans was removed from the vehicle and the sword was confiscated. Nowhere in his testimony does Officer Bradley claim that Avans resisted or behaved in a manner that could be deemed as dangerous or uncooperative. To the contrary, the record establishes that the stop was routine, was performed by two officers, and occurred early in the day. There was no testimony indicating that Avans made any furtive movements, or that he readily could have reached any weapon that might have been in the vehicle once he exited the vehicle and was handcuffed. We thus conclude that Officer Bradley's testimony was insufficient to meet the State's burden to show Officer Bradley possessed a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warranted him in believing Avans was dangerous and might gain immediate control of a weapon in the vehicle. *See Long*, 463 U.S. at 1049; *Terry*, 392 U.S. at 21; *Horton*, 16 S.W.3d at 854. We thus conclude that, in this case, the trial court could have reasonably determined that the search was intended to find evidence of a crime, and not to secure the immediate safety of the officers. *See Long*, 463 U.S. at 1049.

Viewing the evidence supported by the record in the light most favorable to the trial court's ruling, we hold that the State failed to prove that the officers had specific, articulable facts that reasonably warranted a belief that Avans' vehicle contained additional weapons or that Avans himself was dangerous. *See Woodard*, 341 S.W.3d at 412. We therefore overrule the State's issues on appeal.

## CONCLUSION

We affirm the trial court's order granting Avans' motion to suppress.

Rebeca C. Martinez, Justice

PUBLISH